UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NICKY CHAFFIN,

      Plaintiff,

    v.

MGM RESORTS INTERNATIONAL,

      Defendant.

Case No. 2:26-cv-00383-ART-EJY

**ORDER**

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP) and Complaint for Employment Discrimination. ECF Nos. 2, 2-1. Plaintiff's IFP application is complete and granted below. However, Plaintiff's Complaint fails to include facts demonstrating exhaustion of her administrative claims. That is, Plaintiff does not summarize or otherwise provide to the Court what allegations were asserted in her Charge of Discrimination. Thus, the Court does not know if Plaintiff exhausted the claims she brings to the Court. For this reason, Plaintiff's Complaint is dismissed without prejudice and with leave to amend.

**I.    Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    Plaintiff's Complaint

Plaintiff raises claims under the Americans with Disabilities Act (the "ADA") including discrimination, retaliation, and the failure to accommodate. Plaintiff's Charge of Discrimination is not attached to her Complaint. Moreover, Plaintiff fails to allege what claims she brought before the Equal Employment Opportunity Commission ("EEOC") or against whom she brought those claims. Thus, Plaintiff does not demonstrate exhaustion of her administrative remedies. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099-1100 (9th Cir. 2002) (a plaintiff must exhaust administrative remedies by filing a timely EEOC or state agency charge, and allegations not included in a charge "may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge") (citations and internal quotation marks omitted), *abrogated on other grounds by Fort Bend County, Texas v. Davis*, 587 U.S. 541 (2019); *Santa Marie v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2002).

In sum, while Plaintiff received a Right to Sue and timely filed her Complaint, Plaintiff does not demonstrate exhaustion of administrative remedies, a statutory prerequisite for Plaintiff to pursue litigation under the ADA. 42 U.S.C. § 12117(a). For this reason, as currently pleaded, Plaintiff fails to state a viable claim against the named Defendant.

### III.     Order

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED.  Plaintiff is not required to pay the filing fee in this action.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.  This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas or retention of experts at the government's expense.

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed without prejudice, but with leave to amend.  If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint no later than **April 6, 2026**.  If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint."  The amended complaint must demonstrate exhaustion of administrative remedies against MGM Resorts International or other properly named defendant.  In the absence of a Charge of Discrimination naming this entity (or another who was actually her employer), and demonstration that she brought timely claims of discrimination, retaliation, and failure to accommodate before the EEOC, Plaintiff cannot proceed with all three claims.

Plaintiff is reminded that the amended complaint must include a short and plain statement of the facts upon which she bases each of her claims.  The Court cannot refer to Plaintiff's original Complaint when deciding whether she states facts supporting the *prima facie* elements of each claim she asserts.  The amended complaint must be complete in and of itself.  This is because an amended complaint supplants—that is, replaces—the original Complaint.

IT IS FURTHER ORDERED that Plaintiff's failure to timely file an amended complaint may result in a recommendation that this matter be dismissed without prejudice in its entirety.

Dated this 16th day of March, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3