UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NICKY CHAFFIN,

    Plaintiff,

  v.

MGM RESORTS INTERNATIONAL,

    Defendant.

Case No. 2:26-cv-00383-ART-EJY

**REPORT AND RECOMMENDATION**

**AND**

**ORDER**

Pending before the Court is Plaintiff's First Amended Complaint (the "FAC" at ECF No. 6) that is screened under the same standard as stated in the Court's March 16, 2026 Order. ECF No. 4. Plaintiff's application to proceed *in forma pauperis* was previously granted. *Id*.

**I.  Discussion**

    a.    <u>Plaintiff's Disability Discrimination and Retaliation Claims.</u>[1]

Plaintiff raises disability discrimination and retaliation claims under Nevada law and the Americans with Disabilities Act (the "ADA"). Plaintiff provides her Charge of Discrimination[2] and Right to Sue letter demonstrating exhaustion of administrative remedies and the timely filing of her FAC.

To state a prima facie claim of discrimination under the ADA Plaintiff must allege facts sufficiently establishing "she (1) is disabled; (2) is qualified with or without reasonable accommodation to perform the essential functions of … [her] job; and (3) suffered an adverse employment action because of her disability." *French v. Idaho State ALF-CIO*, 164 F.Supp.3d 1205, 1218 (D. Idaho. 2016) (internal citation omitted). Plaintiff must also "allege how [s]he is disabled

---

[1]    Because discrimination and retaliation claims under Nevada law are substantially similar to federal claims under the ADA, the Court relies on the ADA standard for its discussion. *See Curls v. Clark County School. Dist.*, Case No. 2:16-cv-00979-JAD-PAL, 2017 WL 1228409, at *2 (D. Nev. Mar. 31, 2017).

[2]    The Court notes that the Charge of Discrimination names Aria Hotel & Casino while the Notice of Charge of Discrimination was sent to Dana Howell who is identified as General Counsel for MGM Resorts International Operations, Inc. ECF No. 6 at 16, 18. The parties will have to address whether the proper Defendant is named, but it is clear from the allegations that a response to the Charge was filed; thus, notice of Plaintiff's Charge was received. *Id*. ¶ 40.

within the meaning of the ADA." *Tyson v. ACRT Services Incorporated*, Case No. 23-cv-01889-HSG, 2024 WL 69073, at *4 (N.D. Cal. Jan. 5, 2024). To state a claim of retaliation under the ADA Plaintiff must allege: (1) she engaged in activity protected under the ADA; (2) the employer subjected her to an adverse employment decision; and (3) there is a causal link between the protected activity and the employer's action. *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004).

Plaintiff claims she is disabled based on "gender dysphoria" for which she has received medical treatment and procedures. ECF No. 6 ¶ 7. Plaintiff discusses "negative" treatment dating back to 2019, but the first mention of events relating to disability appears to have occurred sometime in 2020. *Id*. ¶¶ 14-15. Plaintiff also recounts various occasions on which she contends she was wrongfully counseled by management (*id*. ¶¶ 16-22) and that she made an "EthicsPoint" complaint of discrimination and harassment sometime around May 2021. *Id*. ¶ 23. Plaintiff says she filed a retaliation complaint under NRS 613.340. *Id*.

The first specific disclosure of Plaintiff's disability was made in "or about May 14, 2021" when Defendant's Senior Vice President of Human Resources ("Weiseman" or "SVP of HR") contacted Plaintiff about her EthicsPoint complaint and allegedly assured Plaintiff she would address her discrimination and harassment allegations. *Id*. ¶ 24. The SVP of HR also "suggested" an accommodation. *Id*. Thereafter, Plaintiff took medical leave and when she sought to return to work she learned Weiseman was no longer employed by Defendant. *Id*. ¶ 27. Plaintiff's attempts to address her prior accommodation were rebuffed with claims that there was no record of her discussion with Weiseman. *Id*. Plaintiff's efforts to transfer were then denied, but Plaintiff made a new request for accommodation that was denied after a doctor's note was allegedly provided. *Id*. ¶¶ 28-31. Plaintiff alleges a forced medical leave was mishandled, Defendant apologized for this event, and Plaintiff then filed a Charge of Discrimination with the Nevada Equal Rights Commission ("NERC"). *Id*. ¶¶ 31-33. Plaintiff says she was accommodated beginning in December 2021 and through January 2023; however, in what the Court interprets as January 2023, ADA recertifications were requested by Defendant. *Id*. ¶¶ 34-37.

Plaintiff next alleges that in April 2022, NERC held a mediation that was unsuccessful, and from June through September of 2022 Plaintiff received "improper ADA attendance reporting" and attempts to end her accommodation. *Id*. ⁋⁋ 38, 41.  In January 2023 a security director supposedly told Plaintiff that her accommodation would be "discontinued" because it was unfair.  *Id*. ⁋ 45. Plaintiff says she then remained out of work from January through July 2023 when she was terminated for allegedly abandoning her job.  *Id*. ⁋⁋ 47-49.  Plaintiff contends Defendant falsely claimed they had offered her an accommodation when, in fact, she was refused accommodation for her disability leading to her termination.  *Id*. ⁋⁋ 48-49.

Plaintiff identifies a disability (gender dysphoria) recognized under the ADA.  *Moore v. Macomber*, Case No. 25-cv-2980-AJB-BLM, 2026 WL 836625, at *3 n.4 (S.D. Cal. Mar. 26, 2026). Plaintiff also plausibly alleges she was able to successfully perform her position with a reasonable accommodation and that she was terminated because of her disability.  Without commenting on the accuracy of the allegations, the Court finds Plaintiff's FAC states sufficient facts to bring a claim of ADA discrimination before the Court.  Plaintiff also plausibly alleges sufficient facts to establish that she engaged in protected activity, was terminated, and a causal connection between the two. Thus, Plaintiff's ADA retaliation claims against Defendant may proceed.

> b.    Plaintiff's Claims Under NRS 613.075 and .078.

NRS 613.075 is a statute providing current and former employees the right to inspect and copy certain employment related records.  The statute does not provide a private right of action that arises from a violation of its terms.[3]  The Court could locate no Nevada statutory provision that is codified as NRS 613.078.  For these reasons, the Court recommends this claim be dismissed with prejudice.

**II.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Fifth Cause of Action seeking relief under NRS 613.075 and .078 be dismissed with prejudice.

---

[3]    *See Luzier v. Las Vegas Valley Water District*, Case No. 2:25-cv-10512-GMN-DJA, 2026 WL 710959, at *5 (D. Nev. Mar. 13, 2026).

### III.    Order

IT IS HEREBY ORDERED that Plaintiff's claims under state and federal law alleging discrimination and retaliation under the Americans with Disabilities Act and concomitant state statutes may proceed.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff **one** USM-285 form, which Plaintiff **must** complete to the best of her ability and return to the U.S. Marshal Service no later than **June 5, 2026**, at the following address:

> Gary G. Schofield
> U.S. Marshal, District of Nevada
> Lloyd D. George Federal Courthouse
> 333 Las Vegas Blvd. S., Suite 2058
> Las Vegas, Nevada 89101

Plaintiff is advised to review the Nevada Secretary of State Business Entity Search website for the identity and address for MGM Resorts International's registered agent upon whom service of her First Amended Complaint must be made.

IT IS FURTHER ORDERED that the Clerk of Court must issue a summons for MGM Resorts International and deliver the summons, together with one copy of this Order and Plaintiff's First Amended Complaint (ECF No. 6) to the U.S. Marshal Service for service on Defendant.

IT IS FURTHER ORDERED that the U.S. Marshal Service **must** attempt service no later than twenty-one (21) days after receipt of the USM-285 form from Plaintiff and documents from the Clerk of Court.

IT IS FURTHER ORDERED that Plaintiff's failure to timely comply with the terms of this Order may result in a recommendation to dismiss this matter in its entirety.

Dated this 8th day of May, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).