**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Nicky Chaffin,

Plaintiff(s),

v.

MGM Resorts International,

Defendant(s).

Case No. 2:26-cv-00383-ART-NJK

**Scheduling Order**

[Docket No. 33]

Pending before the Court is a proposed discovery plan seeking special scheduling review. Docket No. 33.

## I. CASE MANAGEMENT DEADLINES

This is an employment-related lawsuit filed by a *pro se* plaintiff.[1] The presumptively reasonable discovery period is 180 days measured from the date the first defendant answered or otherwise appeared. Local Rule 26-1(b)(1). The parties seek to increase that period by 50% on the ground that Plaintiff has identified 77 witnesses and plans to disclose 3,000 documents. Docket No. 33 at 1.[2] While the Court is cognizant that Plaintiff is proceeding without an attorney, this does not appear to be a complex case and discovery will be subject to the ordinary constraints of relevance, proportionality, and the like. *See* Fed. R. Civ. P. 26(b)(1). Given the circumstances presented, the Court will allow 30 extra days.

The Court **SETS** case management deadlines as follows:

- Initial disclosures: August 25, 2026
- Amend pleadings/ add parties: October 29, 2026

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] The discovery plan is confusing as to which party is seeking what. It indicates that "Plaintiff therefore requested a discovery period of 270 days" before identifying "Defendant's proposed discovery plan" with that deadline. Docket No. 33 at 1 (emphasis omitted). The Court assumes that both sides are requesting the 270-day discovery period.

- Initial experts: November 30, 2026
- Rebuttal experts: December 28, 2026
- Discovery cutoff: January 27, 2027
- Dispositive motions: February 26, 2027
- Joint proposed pretrial order: March 29, 2027, or 30 days after resolution of dispositive motions

The case management deadlines are not to be considered tentative in nature. The Court intends to enforce the case management deadlines absent a proper showing that modification is warranted, even if that request is presented jointly or by stipulation.

## II. DISCOVERY MOTIONS

Seeking judicial intervention on discovery disputes is *strongly discouraged*. The Court does not generally entertain requests for informal resolution of discovery disputes, so discovery disputes must ordinarily be presented through proper motion practice. Such motion practice must include a statement certifying that counsel could not satisfactorily resolve the matter after personal consultation and sincere effort to do so. The parties and counsel are warned that there is a presumption that reasonable expenses—including attorneys' fees—will be awarded to the victor of a discovery motion. The Court will not hesitate to impose such awards as warranted given their intended deterrent purpose.

Discovery motions must be filed without undue delay. In addition, absent unusual circumstances, the Court will not consider discovery motions filed more than 14 days after the discovery cutoff.

## III. LATER-APPEARING PARTIES

Any later appearing party must serve initial disclosures within 21 days of that party's first appearance in the case. The case management deadlines set forth above otherwise apply to any later appearing party as currently set, unless a request to modify those deadlines is filed and granted by the Court.

## IV. CONCLUSION

The pending discovery plan is **DENIED** and case management deadlines are entered as stated above.

IT IS SO ORDERED.

Dated: September 14, 2026

Nancy J. Koppe
United States Magistrate Judge