**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Nicky Chaffin,<br>Plaintiff(s),<br>v.<br>MGM Resorts International,<br>Defendant(s). | Case No. 2:26-cv-00383-ART-NJK<br>**Order**<br>[Docket No. 52] |

Pending before the Court is Plaintiff's renewed motion to quash, filed on an emergency basis. Docket No. 52.[1]

"The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015). The Court has the ultimate authority in deciding whether an emergency truly exists, Local Rule 7-4(c), and properly declines affording emergency treatment without a showing of irreparable harm in deciding a motion in the ordinary course, *Cardoza*, 141 F. Supp. 3d at 1142-43.[2]

The instant dispute arises out of Defendant sending Plaintiff a notice of intent to serve a subpoena on the Wynn. It is not entirely clear whether Defendant has actually served that subpoena on the Wynn, however, and it certainly appears that the Wynn has at the very least not responded yet to the subpoena. Given the circumstances, the Court orders that, pending resolution

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Emergency motions come with additional requirements, including that the movant contact the assigned judge's courtroom administrator about the urgent filing. Local Rule 7-4(d). Moreover, a movant will not be afforded emergency relief for a motion that she delayed in filing. *See, e.g.*, *Cardoza*, 141 F. Supp. 3d at 1143. In this case, the Court declines to afford this motion emergency treatment for the reasons discussed below. In the unlikely event that further emergency motions are filed, however, the Court expects strict compliance with the rules and standards.

of the renewed motion to quash, either (1) Defendant must not serve the subpoena on the Wynn if it has not already been served on it or (2) Defendant must immediately notify the Wynn that it is not required to comply with that subpoena if it has already been served on it. In light of this order, there is no irreparable harm to Plaintiff in resolving her motion in the ordinary course, so emergency treatment is not warranted.

Accordingly, the renewed motion to quash will be briefed and decided in the ordinary course.[3]

IT IS SO ORDERED.

Dated: November 12, 2026

Nancy J. Koppe
United States Magistrate Judge

[3] The pending motion does not attach the notice and subpoena, nor does it quote the text of that subpoena. *But see* Local Rule 26-6(b). As a one-time courtesy to Plaintiff and in the interest of moving this dispute forward for resolution without unnecessary expenditure of judicial and party resources, Defendant must attach the notice and the subpoena as an exhibit to its responsive brief.